Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MAGALIS CRUZ VARGAS

       **Plaintiff,**

    v.

COMMISSIONER OF SOCIAL
SECURITY,

       **Defendant.**

Civil Action No. 20-0587 (ES)

OPINION

**SALAS, DISTRICT JUDGE**

   Before the Court is plaintiff Magalis Cruz Vargas's ("Plaintiff") appeal of the Commissioner of Social Security's decision denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401 *et. seq*. The Court has subject matter jurisdiction pursuant to 42 U.S.C. § 405(g). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 9.1(f). For the following reasons, the Court AFFIRMS the Commissioner's decision.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

   On January 11, 2016, Plaintiff filed claims for DIB and supplemental security income ("SSI") under Titles II and XVI of the Act. (D.E. No. 6, Administrative Record ("R.") at 21). Plaintiff claimed to be disabled due to back pain, depression, high cholesterol, high blood pressure, panic attacks, anxiety, thyroid issues, and osteopenia. (*Id*. at 276; D.E. No. 13 ("Pl. Mov. Br.") at 2). Plaintiff initially claimed to be disabled as of December 31, 2014, but the alleged onset date was later amended to January 1, 2013. (Pl. Mov. Br. at 2; R. at 23 & 41–43).

Plaintiff was determined to be disabled by the state agency for purposes of her Title XVI claim for SSI. (R. at 21). However, the Title II claim was denied initially on April 26, 2016, and upon reconsideration on September 14, 2016. (*Id.*). On October 20, 2016, Plaintiff filed a written request for a hearing before an ALJ, which was held on June 29, 2018. (*Id.*). The ALJ issued a decision on December 26, 2018, denying Plaintiff's application for DIB. (*Id.* at 21–30). Plaintiff then sought review of the ALJ's decision from the Appeals Council and, on November 18, 2019, the Appeals Council denied the request for review, making the ALJ's opinion the final decision of the Commissioner. (*Id.* at 1–8).

Plaintiff filed this appeal on January 16, 2020. (D.E. No. 1). This matter is fully briefed and ripe for determination.

## II.   LEGAL STANDARD

### A.   Standard of Review

The Court applies plenary review to questions of law and otherwise applies the standard of "substantial evidence." *See* 42 U.S.C. § 405(g); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).

As a term of art used throughout administrative law, the term "substantial evidence" may vary depending on the context. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). In this context, "the threshold for such evidentiary sufficiency is not high." *Id.* Importantly, the substantial evidence standard does not give rise to categorical rules but rather depends on a "case-by-case" inquiry. *Id.* at 1157. Substantial evidence is more than a "mere scintilla" of evidence and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Although substantial evidence requires "more than a mere scintilla, it need not rise to the level of a preponderance." *McCrea v.*

*Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004). While failure to meet the substantial evidence standard normally warrants remand, such error is harmless where it "would have had no effect on the ALJ's decision." *Perkins v. Barnhart*, 79 F. App'x 512, 515 (3d Cir. 2003).

The Court is bound by the ALJ's findings of fact that are supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Where evidence in the record is susceptible to more than one rational interpretation, [the Court] must accept the Commissioner's conclusions." *Izzo v. Comm'r of Soc. Sec.*, 186 F. App'x 280, 284 (3d Cir. 2006). Thus, this Court is limited in its review because it cannot "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

Regarding the ALJ's assessment of the record, the Third Circuit has stated, "[a]lthough the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence." *Burnett v. Comm'r Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000). The Third Circuit has noted, however, that "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of *Burnett* is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

**B. Determining Social Security Benefits**

To qualify for disability insurance benefits, the claimant must first establish that she is "disabled." *See* 42 U.S.C. § 423(a)(1)(E). "Under the Social Security Act, a disability is established where the claimant demonstrates that there is some medically determinable basis for an impairment that prevents [her] from engaging in any substantial gainful activity for a statutory

3

twelve-month period." *Fargnoli v. Halter*, 247 F.3d 34, 38–39 (3d Cir.2001) (internal citations and quotations omitted). A claimant is disabled for these purposes only if her physical or mental impairments are "of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423(d)(2)(A). A physical or mental impairment is an "impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42. U.S.C. § 423(d)(3).

The Secretary of Health and Human Services has established a five-step sequential evaluation process to determine whether a plaintiff is disabled. *See* 20 C.F.R. § 404.1520. If the determination at a particular step is dispositive of whether the plaintiff is or is not disabled, the inquiry ends. 20 C.F.R. § 404.1520(a)(4). The burden rests on the plaintiff to prove steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At step five, the burden of proof shifts to the Commissioner. *Id.*

At step one, the plaintiff must demonstrate that she has not engaged in any substantial gainful activity since the onset date of her severe impairment. 20 C.F.R. § 404.1520(a)(4)(i). Substantial gainful activity is defined as significant physical or mental activities that are usually done for pay or profit. 20 C.F.R. § 404.1572(a). If an individual engages in substantial gainful activity, she is not disabled under the regulation, regardless of the severity of her impairment or other factors such as age, education, and work experience. 20 C.F.R. § 404.1520(b). If the plaintiff demonstrates she has not engaged in substantial gainful activity, the analysis proceeds to step two.

At step two, the plaintiff must demonstrate that her medically determinable impairment or the combination of her impairments is "severe." 20 C.F.R. § 404.1520(a)(4)(ii). A "severe"

impairment significantly limits a plaintiff's physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments do not satisfy this threshold if medical and other evidence only establishes slight abnormalities which have no more than a minimal effect on an individual's ability to work. *See Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003).

At step three, the ALJ must assess the medical evidence and determine whether the plaintiff's impairments meet or equal an impairment listed in the Social Security Regulations' "Listings of Impairments" in 20 C.F.R. § 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 404.1520(a)(4)(iii).

If a plaintiff is not found to be disabled at step three, the analysis continues to step four in which the ALJ determines whether, as of the date last insured, the plaintiff had the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the plaintiff lacks the RFC to perform any work she had done in the past, the analysis continues to the next step.

In the final step, the burden shifts to the Commissioner to show that there is a significant amount of other work in the national economy that the plaintiff can perform based on her age, education, work experience, and RFC. 20 C.F.R. § 404.1520(a)(4)(v).

**III.    THE ALJ'S DECISION**

The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity during the period from her onset date of January 1, 2013, through her date last insured, December 31, 2014. (R. at 23).

At step two, the ALJ concluded that Plaintiff had the following severe impairments: lumbar and thoracic degenerative disc disease. (*Id.*). The ALJ also concluded that Plaintiff had a number

5

of non-severe impairments including osteopenia, a right lung nodule, a vitamin D deficiency, obesity, sinus bradycardia, anxiety, and depression.[1] The ALJ discussed each of these conditions separately but concluded that each had no more than a minimal limitation on the Plaintiff's ability to perform basic work activities. (*Id.* at 23–25).

At step three, the ALJ concluded that through the date last insured, the Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in the regulations. (*Id.* at 25).

At step four, "[a]fter careful consideration of the entire record," the ALJ found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R § 404.1567(b) with some exceptions (discussed in more detail in Section IV.D). (*Id.* at 26). The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that the Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. (*Id.* at 27). The ALJ also concluded "in comparing the claimant's [RFC] with the physical demands of the claimant's past relevant work as a secretary," that Plaintiff was "able to perform this work as actually and generally performed." (*Id.* at 30). Accordingly, the ALJ found that Plaintiff was not disabled as defined by the Act from January 1, 2013, the amended onset date, through December 31, 2014, the date last insured. (*Id.*).

## IV. DISCUSSION

Plaintiff assigns four broad claims of error to the ALJ's decision: (i) the ALJ did not adequately consider Plaintiff's mental impairments; (ii) the ALJ did not adequately consider Plaintiff's cardiac condition; (iii) the ALJ did not assign proper weight to certain opinion evidence;

---

[1] The ALJ also noted that Plaintiff suffered from headaches and sleep apnea but determined that the objective medical evidence did not support a finding that these were medically determinable impairments. (R. at 25).

and (iv) the ALJ's step four analysis is flawed because the RFC is not supported by substantial evidence, and the ALJ failed to properly assess the vocational expert's testimony. (*See generally* Pl. Mov. Br.). The Commissioner opposes each ground for remand. (*See generally* D.E. No. 14 ("Opp. Br.")).

### A. Mental Impairments

At the outset, the Court notes that Plaintiff's precise arguments are somewhat unclear. Plaintiff makes a general argument that the ALJ's findings are not supported by substantial evidence because the ALJ minimized Plaintiff's mental impairments. (Pl. Mov. Br. at 14–15). Plaintiff more specifically argues that the ALJ made a conclusory assertion that Plaintiff's mental impairments caused only mild limitations and did not indicate how those mild limitations impacted Plaintiff's ability to work. (*Id.* at 14). According to Plaintiff, the ALJ's determination that she could perform her past relevant (skilled) work is not supported by substantial evidence because her mental impairments cause her to be limited to unskilled work. (*Id.*).

To the extent Plaintiff's more general argument challenges the ALJ's step two determination that Plaintiff's mental impairments were not severe, the Court disagrees and concludes that this determination is supported by substantial evidence.

An "impairment or combination of impairments" is not severe if it does not "significantly limit[ ] your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c), 404.1522. "Basic work activities" include "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). "A mental impairment is generally considered nonsevere if the degree of functional limitation in the following four functional areas is 'none' or 'mild': '[u]nderstand, remember or apply information; interact with others; concentrate, persist, or

maintain pace; and adapt or manage oneself.'" *Babice v. Comm'r of Soc. Sec.*, No. 16-06254, 2018 WL 6243045, at *5 (D.N.J. Nov. 29, 2018) (quoting 20 C.F.R. § 404a(c)(3), (d)(1)).

Here, at step two, the ALJ determined that Plaintiff's mental impairments were not severe because they caused no more than a minimal limitation on her ability to perform basic work activities. (R. at 24). The ALJ assessed the limitations caused by Plaintiff's mental impairments by analyzing the four areas of mental functioning described *supra*. With respect to the record, the ALJ considered that "[t]here was no medical evidence in the record that the claimant was treated for her mental impairments prior to her date last insured." (*Id.* at 25). The ALJ also explained that Plaintiff was noted to suffer with anxiety and depression since 2015. (*Id.*). The ALJ considered evaluations conducted on January 6, 2016, March 8, 2016, and August 4, 2016, and concluded that "[o]verall, the results from these evaluations were normal with the exception of some mild impairments." (*Id.*). The ALJ also explained that Plaintiff was noted to take medication for her mental impairments that helped her. (*Id.*). Therefore, the ALJ concluded, "the objective medical evidence in the record does not support a finding that the claimant's anxiety and depression have more than a minimal effect on the claimant's ability to perform basic work activities and are nonsevere." (*Id.*).

The foregoing analysis contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" that Plaintiff's mental impairments are not severe. *See Richardson*, 402 U.S. at 401. Accordingly, the Court finds it to be supported by substantial evidence.

The remainder of Plaintiff's argument with respect to her mental impairments seems to be that the ALJ failed to adequately consider certain record evidence about her mental impairments at step four. On this score, Plaintiff relies on the state agency doctor's determination that Plaintiff's

8

mental impairments would cause Plaintiff to be limited to unskilled work. (Pl. Mov. Br. at 14 (citing to R. at 93 & 107)). Plaintiff claims that this evidence was not discussed by the ALJ or included in the hypotheticals submitted to the vocational expert. (*Id.* at 15). Therefore, according to Plaintiff, the ALJ's conclusion that Plaintiff could perform her past relevant (skilled) work as a clerical secretary is not supported by substantial evidence. (*Id.*).

However, the single piece of evidence cited by Plaintiff does not actually contradict the ALJ's conclusion with respect to the effect (or lack of effect) Plaintiff's mental impairments had on her RFC. Indeed, the ALJ expressly considered exhibits 1(A) and 3(A), cited by Plaintiff, in formulating the RFC. (R. at 29). He accorded little weight to those opinions because the record did not establish the existence of severe mental health impairments prior to the Plaintiff's date last insured, and the examinations in exhibits 1(A) and 3(A) were performed long after that date, in 2016. (*Id.*). Thus, the evidence Plaintiff cites does not actually contradict the ALJ's conclusion.[2] *See Ryman v. Colvin*, No. 16-0052, 2016 WL 6039144, at *9 (M.D. Pa. Oct. 14, 2016) (concluding that records that post dated the date last insured did not contradict the ALJ's findings regarding records during the relevant time period).[3]

---

[2] Even if the evidence did contradict the ALJ's conclusion, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 764 (3d Cir. 2009).

[3] Plaintiff also argues that the ALJ omitted this contrary evidence from the hypotheticals posed to the vocational expert. (Pl. Mov. Br. at 15). Contrary to Plaintiff's argument, certain hypotheticals posed to the vocational expert seemingly account for potential limitations stemming from Plaintiff's mental impairments and the possibility that she would be limited to unskilled work. (R. at 76–78). However, the ALJ did not ultimately rely on the vocational expert's answers to those hypotheticals because he relied on hypothetical questions that were based on Plaintiff's RFC. Thus, it seems, Plaintiff really challenges the ALJ's RFC determination. *See Rutherford v. Barnhart*, 399 F.3d 546, 554 n.8 (3d Cir. 2005) ("[O]bjections to the adequacy of hypothetical questions posed to a vocational expert often boil down to attacks on the RFC assessment itself."). This argument is discussed in more detail in Section IV.D.

Nevertheless, to the extent that Plaintiff does argue that the precise piece of evidence she cites was omitted from the hypotheticals posed to the ALJ, the Court finds no error. As discussed *supra*, this evidence did not credibly establish a mental impairment during the relevant time period. *See Rutherford*, 399 F.3d at 553 (explaining that only credibly established limitations must be conveyed to the vocational expert).

Plaintiff cites to no other evidence to suggest that her mental impairments caused any additional limitations not considered by the ALJ. (Pl. Mov. Br. at 14–15). The Court, therefore, rejects these arguments and finds that the ALJ adequately considered Plaintiff's mental impairments at steps two and four of his decision. *See Abdulwali Nasiyruddiyn v. Colvin*, No. 15-03701, 2016 WL 4432688, at *5 (D.N.J. Aug. 18, 2016).

**B.  Cardiac Condition**

Plaintiff next challenges the ALJ's determination that her cardiac condition was not severe. (Pl. Mov. Br. at 15). The Commissioner argues that the ALJ's decision as to Plaintiff's cardiac condition is supported by substantial evidence and that, even if the ALJ erred, any error was harmless. (Opp. Br. at 10–11). The Court agrees with the Commissioner.

At step two, the ALJ evaluated the medical evidence pertaining to Plaintiff's sinus bradycardia. (R. at 24). The ALJ explained that prior to the disability onset date, Plaintiff had normal pulmonary function testing with no indication of bronchodilator administration. (*Id.*). In 2014, the ALJ explained, "medical testing revealed an underlying sinus rhythm, sinus bradycardia, and sinus arrhythmia. However, there was no record of any cardiac events and an echocardiogram revealed a high ejection fraction percentage in the left ventricle." (*Id.*). The ALJ also explained that an echocardiogram in 2015 showed sinus bradycardia and possible anterior infarction with an undetermined age. (*Id.*). However, "additional pulmonary function testing revealed normal spirometry results and no indication of bronchodilator administration." (*Id.*). Finally, the ALJ summarized the treatment Plaintiff received through 2016 which "continued to show consistent results." (*Id.*). Based the foregoing, the ALJ determined that "the overall objective medical evidence in the record does not support a finding that the claimant's sinus bradycardia had more

than a minimal effect on the claimant's ability to perform basic work activities and is nonsevere." (*Id.*).

Again, Plaintiff's precise challenge to the ALJ's analysis is somewhat unclear. Plaintiff seems to suggest that the ALJ ignored certain evidence and made improper assumptions about other evidence in the record. (Pl. Mov. Br. at 15). Notably, however, Plaintiff makes no attempt to demonstrate why the select evidence she cites mandates a finding that her cardiac condition is severe. At best, Plaintiff points to evidence in the record that *could* support a contrary conclusion. However, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision." *Malloy*, 306 F. App'x at 764. Here, the ALJ has provided substantial evidence in support of his decision. Thus, the Court must decline Plaintiff's invitation to perform again the ALJ's weighing of the evidence tending to support or negate a finding of disability, *Williams*, 970 F.2d at 1182, and affirm the ALJ's finding that Plaintiff's cardiac condition is not severe.[4]

Moreover, to the extent Plaintiff challenges the ALJ's consideration of her cardiac condition at other steps in the analysis, Plaintiff has not demonstrated why any such error was harmful. In her reply brief, Plaintiff argues that this was a harmful error because had the ALJ considered the effects and additional restrictions of her non-severe impairments, he may have assigned Plaintiff a more limited RFC. (D.E. No. 15 ("Pl. Reply. Br.") at 1). However, it is Plaintiff's burden to explain what additional effects and restrictions her cardiac condition caused that would have impacted her RFC. Plaintiff does not make any attempt to do so here. *See Rutherford*, 399 F.3d at 553; *Roman v. Comm'r of Soc. Sec.*, No. 19-5756, 2020 WL 6268673, at

---

[4] The Court also notes that any step two errors would be harmless because the ALJ ultimately ruled for Plaintiff by finding that she had at least one severe impairment and proceeded in the sequential analysis. *Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 n.2 (3d Cir. 2007).

\*6 (D.N.J. Oct. 26, 2020) ("Roman makes a sterile claim of procedural error; he fails to explain or point to any evidence of record as to how his obesity alone or in combination with other impairments either meets one of the listing impairments or impedes his ability to perform light work.").

Accordingly, the Court finds no reversible error in connection with the ALJ's analysis of Plaintiff's cardiac condition.

### C.  Opinion Evidence

Plaintiff next argues that the ALJ did not adequately consider her own subjective statements of her symptoms, and that he improperly accorded only some weight to the third-party questionnaires submitted by Plaintiff's friend and cousin. (Pl. Mov. Br. at 16–17). Neither argument requires remand.

#### i.  *Plaintiff's Statements*

Statements of the individual concerning his or her symptoms must be carefully considered, but an ALJ is not required to credit them. *Chandler*, 667 F.3d at 363. And "[w]hile an ALJ should consider an applicant's subjective complaints, . . . the applicant bears the burden of producing medical evidence to support those complaints." *Arroyo v. Comm'r of Soc. Sec.*, 82 F. App'x 765, 768 (3d Cir. 2003) (internal citation omitted). Where an ALJ articulates reasons supporting a credibility determination, that determination is entitled to great deference. *Horodenski v. Comm'r of Soc. Sec.*, 215 F. App'x 183, 189 (3d Cir. 2007); *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 506 (3d Cir. 2009) ("In determining whether there is substantial evidence to support an administrative law judge's decision, we owe deference to his evaluation of the evidence [and] assessment of the credibility of witnesses . . . .").

Here, the Court does not find error in the way in which the ALJ evaluated Plaintiff's subjective statements of her symptoms. At step four, the ALJ outlined Plaintiff's subjective complaints of her pain and limitations. (R. at 27). And the ALJ determined that the Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. (*Id.*). Ultimately, however, the ALJ concluded that "the claimant's statements concerning the intensity, persistence and limiting effects of [her] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." (*Id.*). The ALJ described the evidence of record that he relied on in reaching this conclusion. (*Id.* at 27–29). He also explained the various weight he accorded to different pieces of evidence. (*Id.* at 29–30).

Plaintiff does not meaningfully challenge the ALJ's analysis of the evidence cited in support of his decision. Rather, Plaintiff again tries to direct the Court to contrary evidence in the record that supports Plaintiff's subjective statements pertaining to her symptoms. However, as discussed *supra*, the Court "will uphold the ALJ's decision even if there is contrary evidence that would justify the opposite conclusion, as long as the 'substantial evidence' standard is satisfied." *Johnson v. Comm'r of Soc. Sec.*, 497 F. App'x 199, 201 (3d Cir. 2012) (internal citation omitted). Here, the ALJ did exactly what he was supposed to do: he reviewed Plaintiff's subjective complaints of pain and her other symptoms but weighed the same against conflicting evidence in the record and cited to that conflicting evidence in explaining his decision. (R. at 26–30); *see Harkins v. Comm'r of Soc. Sec.*, 399 F. App'x 731, 735 (3d Cir. 2010); *Johnson v. Comm'r of Soc. Sec.*, 398 F. App'x 727, 735 (3d Cir. 2010). Accordingly, the Court finds that the ALJ's decision regarding Plaintiff's credibility is supported by substantial evidence and therefore entitled to deference. *Horodenski*, 215 F. App'x at 189; *Diaz*, 577 F.3d at 506.

13

### *ii.*     *Third Party Statements*

Plaintiff claims that it was error for the ALJ to give only some weight to the third-party function reports submitted by the Plaintiff's friend and cousin. (Pl. Mov. Br. at 16–17). In particular, Plaintiff challenges the ALJ's explanation that he accorded only some weight to these opinions because they were lay sources and are parties sympathetic to the Plaintiff. (*Id.* at 16 (citing R. at 29)). According to Plaintiff, "[t]hese are hardly valid reasons to give them less weight" because the third-party questionnaires were developed with the understanding that lay witnesses would fill them out and that these parties may be sympathetic to the Plaintiff. (*Id.* at 17). The Court disagrees.

"The Third Circuit instructs that an ALJ is free to 'discount' lay witness testimony but must explain the reasons for doing so." *Hendry v. Comm'r of Soc. Sec.*, No. 16-8851, 2018 WL 4616111, at *15 (D.N.J. Sept. 26, 2018) (collecting cases).

Here, the ALJ explained that he afforded "some weight" to the third-party function reports by the Plaintiff's friend and cousin. (R. at 29). He explained that "[b]oth parties corroborated the claimant's allegations, including her pain due to back impairments and limitations in functioning." (*Id.*). Thus, the ALJ explained he gave them some weight because "they are valuable in assessing the nature and severity of the claimant's impairments." (*Id.*). However, the ALJ also noted that these third-party assessments came from lay sources who are sympathetic to Plaintiff and were only "partially supported" by the objective medical findings. (*Id.*). In other words, the ALJ considered the nature of the relationship between Plaintiff and the third parties and whether the opinions were consistent with other evidence—considerations which are expressly permitted by the Social Security Rules and Regulations. *See* SSR 06-03P, 2006 WL 2329939, at *4–6 (S.S.A. Aug. 9, 2006).

Accordingly, because the ALJ did as he was supposed to do, and his reasons for rejecting the evidence are supported by substantial evidence, there is no reason for remand on this basis. *See Zirnsak v. Colvin*, 777 F.3d 607, 613 (3d Cir. 2014).

### D. RFC and Vocational Testimony

Finally, Plaintiff challenges the ALJ's RFC determination and his assessment of the vocational expert's testimony. (Pl. Mov. Br. at 18–21). Where these arguments overlap and diverge is somewhat unclear, but the Court understands Plaintiff to make the following argument: the RFC determination is not supported by substantial evidence and, because the RFC determination is not supported by substantial evidence, the ALJ relied on erroneous testimony from the vocational expert while ignoring more pertinent testimony. The Court disagrees.

To start, Plaintiff claims that the ALJ failed to comply with SSR 96-8p "because the ALJ's RFC assessment is simply conclusory and does not contain any rationale or reference to the supporting evidence." (Pl. Mov. Br. at 19).

When making an RFC determination, an ALJ is required to consider all of the evidence before him. *Burnett*, 220 F.3d at 121. However, an ALJ need not discuss in his opinion "every tidbit of evidence included in the record," *Hur v. Barnhart*, 94 Fed. App'x 130, 133 (3d Cir. 2004), so long as "the ALJ's decision, read as a whole, illustrates that the ALJ considered the appropriate factors" in reaching his conclusions, *Jones*, 364 F.3d at 505.

Here, "[a]fter careful consideration of the entire record," the ALJ explained that through the date last insured, Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following exceptions:

15

> [S]he could stand and walk for a combined total of four hours in an eight-hour work day, sit for a total of six hours in an eight-hour work day, and could occasionally push and pull with the left lower extremity, such as using foot pedals, with weight limited as with lifting or carrying. Further, the claimant could occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. She could frequently kneel, and occasional[ly] balance, stoop, crouch, and crawl. Finally, she could tolerate occasional exposure to extreme cold, extreme heat, wetness, humidity, or to pulmonary irritants such as fumes, odors, dusts, gases, and poor ventilation.

(R. at 26). After announcing his RFC determination, the ALJ evaluated Plaintiff's symptoms and the extent to which her symptoms could reasonably be accepted as consistent with the objective medical evidence. (*Id.*). As described in Section IV.C. *supra*, the ALJ explained that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.* at 27). To justify this conclusion, the ALJ summarized the Plaintiff's statements, the medical evidence, and the opinion evidence, explaining the weight he accorded to each opinion. (*Id.* at 26–29).

Notwithstanding the foregoing, Plaintiff argues that the ALJ's RFC determination is "simply conclusory" and lacks evidentiary support. However, it is Plaintiff who retains the burden to show why she *lacks* the RFC determined by the ALJ. *Bowen*, 482 U.S. at 146; *see also* 20 C.F.R. § 404.1545(a)(3) ("In general, you [the plaintiff] are responsible for providing the evidence we will use to make a finding about your residual functional capacity."). Plaintiff's arguments on this score are ones that have been rejected throughout the course of this opinion, including her arguments about the ALJ's consideration of her mental impairments and his decision to afford certain state agency opinion's less weight. Plaintiff does not point to any additional evidence which was ignored by the ALJ that requires a different outcome; nor does Plaintiff make any argument as to why the record evidence demonstrates any additional functional limitations.

Without an adequate explanation of why the record evidence mandates a different RFC, Plaintiff's efforts to point out flaws in the ALJ's decision are in vain. *Moraes v. Colvin*, No. 14-3040, 2015 WL 4041141, at *6 (D.N.J. June 30, 2015) ("Plaintiff has the burden to prove that any undiscussed evidence would warrant additional limitations. . . . Plaintiff makes no argument to that effect."), *aff'd sub nom. Moraes v. Comm'r Soc. Sec.*, 645 F. App'x 182 (3d Cir. 2016); *Nelson v. Comm'r of Soc. Sec.*, No. 18-17521, 2020 WL 3118747, at *4 (D.N.J. June 12, 2020) ("Plaintiff clearly believes that the residual functional capacity determination omitted important limitations, but Plaintiff's brief fails to muster the evidence and assemble an effective challenge.").

Accordingly, the Court finds that Plaintiff's challenge to the ALJ's RFC determination amounts to nothing more than a disagreement with the ALJ's findings and further finds that the ALJ's RFC determination is supported by substantial evidence in the record as whole. Because the Court finds that the RFC is supported by substantial evidence, the remainder of Plaintiff's arguments with respect to the vocational expert's testimony necessarily fail.

The ALJ relied on the vocational expert's testimony in determining that Plaintiff could perform her past relevant work as a clerical secretary. The vocational expert testified that this was skilled work with an SVP of 6. (R. at 72). As for the exertional level, the vocational expert determined that clerical secretary had a sedentary exertional level, but that Plaintiff performed it at a light exertional level. (*Id.*). Using these designations, the ALJ compared the Plaintiff's RFC with the physical demands of the Plaintiff's past relevant work as a secretary. (*Id.* at 30). The ALJ determined that the Plaintiff could perform her past relevant work as a clerical secretary as actually and generally performed. (*Id.*). The ALJ afforded weight to the vocational expert's opinion that, with the limitations described in the ALJ's RFC determination, the Plaintiff could perform the job of a clerical secretary as actually and generally performed. (*Id.* at 30 & 74–75).

Plaintiff does not challenge the vocational expert's testimony provided with respect to her as-determined RFC.  Instead, Plaintiff's arguments are premised on the idea that she has a *different* RFC and thus, the ALJ should have considered the vocational expert's responses to different hypotheticals that incorporated her alleged additional limitations.  (*See* Pl. Br. at 19–20).  However, because the Court upholds the ALJ's RFC determination, which rejects the same additional limitations Plaintiff now raises, the additional hypotheticals are irrelevant.  *Johnson*, 398 F. App'x at 736 ("[T]he ALJ's RFC assessment did not include a need for Johnson to take frequent breaks.  As a result, the second hypothetical, which included that restriction, was of no relevance."); *McCarthy v. Colvin*, No. 13-5618, 2014 WL 7336764, at *12 (D.N.J. Dec. 19, 2014) (explaining that an ALJ is "not required to incorporate the more limiting hypotheticals into [his] decision" where the RFC is not based on the additional limitations); *Ball v. Comm'r of Soc. Sec.*, No. 18-0159, 2019 WL 4722492, at *1 n. 1 (W.D. Pa. Sept. 26, 2019) (similar).

Accordingly, the Court rejects Plaintiff's final arguments with respect to the ALJ's step four analysis and finds that the ALJ's decision is supported by substantial evidence.

## V.   CONCLUSION

For the foregoing reasons, the Court AFFIRMS the decision of the Commissioner of Social Security.  An appropriate Order accompanies this Opinion.

Date: April 19, 2021

*s/Esther Salas*
**Esther Salas, U.S.D.J.**